UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

**LAFAYETTE FAIRCONATUE**,
        **Plaintiff**,
    v.                                                   Case No. 17-C-767

**JEAN LUTSEY and**
**JAMES HILBERT,**
        **Defendants.**
_____

## **DECISION AND ORDER**

Plaintiff Lafayette Fairconatue, a Wisconsin state prisoner who is representing himself, filed this lawsuit under 42 U.S.C. § 1983. I allowed him to proceed on a deliberate indifference claim based on his allegations that defendants failed to provide him with pain medication after he had laparoscopic outpatient surgery. Before me now is defendants' motion for summary judgment.

### **I. BACKGROUND**[1]

Plaintiff is an inmate at Green Bay Correctional Institution, where defendants James Hilbert and Jean Lutsey both work. Hilbert is a correctional sergeant and Lutsey is the health services manager.

On September 14, 2016, plaintiff had laparoscopic surgery to repair a hernia. Docket No. 24 at ¶ 8. He was discharged from the hospital that same day and returned to the institution. *Id.* at ¶ 9. Upon his return, nurse clinician Mary Alsteen (who is not a defendant) examined plaintiff, reviewed his medical restrictions, and noted that she would

---

[1] The facts are taken from "Defendants' Proposed Findings of Facts" (Docket No. 24) and the "Declaration of Lafayette Fairconatue" (Docket No. 29). The facts are undisputed unless otherwise indicated.

follow up with him the next morning. *Id.* at ¶ 12. Although plaintiff had been given Vicodin at the hospital, his off-site medical records did not make any recommendation for him to receive pain medication at the institution. *Id.* at ¶ 11. Accordingly, Alsteen forwarded plaintiff's chart to the doctor for review and for entry of any necessary orders. *Id.* at ¶ 12. Lutsey was not involved in plaintiff's care. *Id.* at ¶ 13.

Plaintiff explains that, when he was at the hospital, the nurse told him that he would have some discomfort around the wound, so she would prescribe Vicodin for the pain. Docket No. 29 at ¶ 3. According to plaintiff, the two officers who were with him at the hospital informed the nurse that Vicodin is not given to inmates at the institution, even if prescribed. *Id.* Accordingly, although the nurse gave him Vicodin at the hospital, she did not send a prescription for Vicodin to the institution. *Id.* Plaintiff does not dispute this fact.

After the 8:30 p.m. medication pass, Fairconatue told Hilbert that he did not receive any pain medication. Docket No. 24 at ¶ 17. Hilbert called health services about Fairconatue's concern. *Id.*; Docket No. 29 at ¶ 5. Although he does not recall who he spoke to, Hilbert recalls being told that Fairconatue did not have a prescription for pain medication. Docket No. 24 at ¶ 17. Hilbert asserts that he passed this information along to Fairconatue and then told him to return to his cell. *Id.* Plaintiff does not recall Hilbert informing him of health services' response, but he does remember Hilbert ordering him to "lock in." Docket No. 29 at ¶ 5. Plaintiff returned to his cell without protest. *Id.*

Hilbert explains that at no time did he believe plaintiff was having a medical emergency. Docket No. 24 at ¶ 19. Plaintiff was able to walk to the sergeant's cage under his own power and communicate to Hilbert that he wanted pain medication. *Id.* And,

although plaintiff told Hilbert he was in pain, he never asked to be seen by health services. *Id.* at ¶ 20.

The next morning, at 7:00 a.m., a sergeant called health services because Fairconatue was again complaining that he was in pain and needed pain medication. *Id.* at ¶ 23. Alsteen reviewed his chart and saw that no orders for pain medication had been written. *Id.* at ¶ 24. She told the sergeant that Fairconatue would be called down to health services when the doctor arrived. *Id.* About an hour and a half later, Dr. Lisa Allen (who is not a defendant) signed a prescriber order for Fairconatue. *Id.* at ¶ 25. He was given a dose of Toradol, a non-steroidal anti-inflammatory, and prescribed Tylenol #3 for five days and ice packs. *Id.*

## II. ANALYSIS

A party is entitled to summary judgment if it shows that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). To survive a motion for summary judgment, a non-moving party must show that sufficient evidence exists to allow a jury to return a verdict in its favor. *Brummett v. Sinclair Broad. Grp., Inc.*, 414 F.3d 686, 692 (7th Cir. 2005). For the purposes of deciding defendants' motion, I resolve all factual disputes and make all reasonable factual inferences in favor of plaintiff, who is the non-moving party. *Springer v. Durflinger*, 518 F.3d 479, 483-84 (7th Cir. 2008).

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners.'" *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To prove a deliberate-indifference

3

claim, a plaintiff must first show that he has "a medical condition 'that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Edwards v. Snyder*, 478 F.3d 827, 830–31(7th Cir. 2007) (quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). He must then show "that the prison official[s] knew of 'a substantial risk of harm to [him] and disregarded the risk.'" *Id*. at 831 (first quoting *Greeno*, 414 F.3d at 653; and then citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

Defendants do not dispute that the delay in receiving pain medication exposed plaintiff to a risk of substantial harm, so my analysis will focus only on whether Hilbert and Lutsey knew plaintiff faced that risk and whether they disregarded that risk.

I find that Lutsey is entitled to summary judgment because she was not personally involved in the alleged violation of plaintiff's rights. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Although Lutsey was working on the day plaintiff returned from the hospital, she did not examine plaintiff, nor was she responsible for reviewing the off-site orders, ordering pain medication, or getting a doctor to order pain medication. Because she was not responsible for the delay plaintiff experienced in receiving his pain medication, she is entitled to summary judgment.

Hilbert also is entitled to summary judgment. When Fairconatue told Hilbert he was in pain and needed pain medication, Hilbert called health services, who told him Fairconatue had not been prescribed pain medication. Hilbert Is not a medical professional, so he was entitled to rely on health services' decision not to prescribe pain

medication. *See Estate of Perry v. Wenzel*, 872 F.3d 439, 458 (7th Cir. 2017) (citations omitted). Further, after Hilbert instructed plaintiff to go back to his cell, Fairconatue did not ask to be seen by health services, nor did he protest returning to his cell. Accordingly, Hilbert had no reason to believe that further intervention was necessary.

Finally, I note that plaintiff represents in his declaration that he mistakenly named Lutsy in his complaint instead of Alsteen, the nurse who examined him upon his return from the hospital. I will not allow plaintiff to correct that error in his response to defendants' motion. *See Abuelyaman v. Illinois State University*, 667 F.3d 800, 814 (7th Cir. 2011) ("It is well settled that a plaintiff may not advance a new argument in response to a summary judgment motion.") (citations omitted).

Plaintiff filed a proposed amended complaint on July 10, 2018, more than two months after defendants filed their motion for summary judgment. In his proposed amended complaint, plaintiff attempted to name Alsteen as a defendant as well as the nurse who refused to give him pain medication during medication pass. On July 27, 2018, I ordered that plaintiff's proposed amended complaint be stricken from the docket because: 1) plaintiff failed to comply with Civil L.R. 15; and 2) allowing plaintiff to amend at that late stage of the case would have been highly prejudicial to the defendants. Docket No. 33. Plaintiff provided no explanation for why he waited more than five months after the close of discovery and more than two months after defendants filed their motion for summary judgment before he sought to amend his complaint to name new defendants. Accordingly, I will not consider plaintiff's arguments against Alsteen or the nurse who refused to give plaintiff medication during medication pass.

## III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendants' motion for summary judgment (Docket No. 22) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. The clerk's office shall enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin, this 3rd day of October, 2018.

s/Lynn Adelman
LYNN ADELMAN
United States District Judge